# MEMORANDUM IN SUPPORT

On March 18, 2015, Pilot filed its answer to HB's Second Amended Complaint.[1] *See* Doc. #76. However, in responses to certain allegations, Pilot fails to answer in a manner provided under Federal Civil Rule 8(b). Instead, Pilot provides a series of canned responses styled in a subversive manner and referring to other documents, precluding HB from gleaning whether Pilot admits, denies, or is without sufficient knowledge to admit or deny particular allegations. As outlined below, HB respectfully requests this Court strike portions of Pilot's answer and require it to replead within the parameters of Rule 8(b).

Federal Civil Rule 8(b) provides as follows:

(b) Defenses; Admissions and Denials.

    (1) *In General.* In responding to a pleading, a party must:

        (A) state in short and plain terms its defenses to each claim asserted against it; and

        (B) admit or deny the allegations asserted against it by an opposing party.

    (2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

    (3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

    (4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

    (5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

---

[1] HB's Second Amended Complaint is filed as Doc. #55, and Pilot's answer to this complaint is filed as Doc. #76, in case no. 2:14-cv-102.

> (6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

"Rule 8(b) permits a defendant to answer the averments of a complaint in one of three ways. The party can admit the allegation; deny the allegation; or explain that it is without sufficient knowledge to admit or deny the allegation." *Clarendon Am. Ins. Co. v. All Bros. Painting, Inc.*, No. 6:13-CV-934-ORL-22, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013). Although Rule 8(b) "marks out an unambiguous path . . . too many lawyers feel a totally unwarranted need to attempt to be creative by straying from that clear path." *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Pilot has strayed from Rule 8's clear path by asserting canned responses that neither admit nor deny plaintiff's allegations yet also do not claim Pilot lacks sufficient knowledge or information to respond to the allegations.[2] In short, Pilot's responses simply duck the allegations. Pilot's answer does this in several ways.

First, many of Pilot's formulaic responses simply refer plaintiff and the Court to the FBI Affidavit[3] or to the criminal enforcement agreement ("CEA") Pilot entered into, without admitting or denying the allegations to which these purported "responses" apply. The allegation

---

[2] By letter dated March 26, 2015, HB notified Pilot that paragraphs 5, 14, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 55, 63, 64, 65, 67, 68, 73, 75, 76, 81, 82, 83, 88, 89, 90, 91, 92, and 93 were deficient and asked Pilot to file an amended answer by April 9, 2015. Pilot responded on April 10, 2015, stating it would amend, at an unspecified date, paragraphs 20-23, 26-29, 31 and 35-48 "to make it clear that Pilot either admits, denies, or denies knowledge or information sufficient to form a belief as to the truth of those allegations." Nevertheless, because Pilot did not amend its answer by April 9, because plaintiff does not know how Pilot will amend paragraphs 26-29 and 35-49, and to ensure compliance with Rule 12(f), plaintiff is filing this motion today.

[3] The "FBI Affidavit" is the 120-page affidavit the FBI provided in support of its search warrant application. The affidavit was filed in Case No. 3:13-MJ-2028 (E.D. Tenn.).

set forth at paragraph 72 of HB's Second Amended Complaint, and Pilot's "response," serve as an exemplary:

**HB's allegation**:

> 64. Defendant made false statements to Plaintiff's President, Clay Halla, with knowledge of their falsity, and/or with such utter disregard and recklessness as their truth or falsity that such knowledge may be inferred. Freeman, Bibee, and the other employees associated with Plaintiff's account knew that Defendant would not provide the discounts that they expressly promised to Plaintiff's President, Clay Halla, because they had been engaging in "cost plussing" and "jacking the discount" with almost all of Defendant's customers for approximately a decade (and perhaps much longer).

**Pilot's response**:

> 64. This Paragraph contains legal conclusions as to which no response is required. To the extent that an answer is required, Pilot states that on July 11, 2014, Pilot entered into the CEA in which it admitted, accepted, and acknowledged that it is legally responsible for the acts of its employees as set forth in the Statement of Facts attached to the CEA. Pilot denies any allegations of Paragraph 64 not found in the Statement of Facts attached to the CEA.

Pilot uses this canned answer in response to paragraphs 63, 64, 65, 67, 68, 81, 82, 83, 88, 89, 90, 91, 92, and 93.

Through this mechanical answer Pilot does not admit or deny the allegations and does not indicate that it is unable to answer the allegations; Pilot simply points to the CEA and says, in essence, "we deny whatever we didn't admit in the CEA." This forces plaintiff to guess what Pilot believes it did or did not admit through the CEA.

Pilot suggests through its responses that the FBI Affidavit and the CEA speak for themselves. Rule 8 does not permit a defendant to answer that an exhibit "speaks for itself." *Clarendon*, 2013 WL 5921538, at *3; *N. Ind. Metals v. Iowa Exp., Inc.*, No. 2:07-CV-414-PRC, 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008) ("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil

3

Procedure."); *Rudzinski v. Metro. Life Ins. Co.*, No. 05 C 0474, 2007 WL 2973830, at *4 (N.D. Ill. Oct. 4, 2007) (stating that a defendant may not simply employ "summarizing language"' and then state, "essentially, that the terms of the referenced documents speak for themselves"). Suggesting or stating that a document "speaks for itself" is "nonsensical and completely contrary to the Federal Rules of Civil Procedure." *F.D.I.C. v. Stovall*, No. 2:14-CV-00029-WCO, 2014 WL 8251465, at *11 (N.D. Ga. Oct. 2, 2014).

A defendant need not use the phrase "speaks for itself" to violate Rule 8's "clear path"; Pilot offends the rule simply by referring plaintiff to the FBI affidavit and the CEA and forcing plaintiff to decide whether it believes those documents "answer" the allegation. *See McSweeney v. Janes*, No. 14-CV-00456-REB-MEH, 2014 WL 3707788, at *3 (D. Colo. July 24, 2014) ("While it appears undisputed that the Complaint's Paragraphs listed in paragraph 6 to the Answer refer to information taken from the medical records in this case, the Court agrees with Plaintiff that a mere referral to the records is an insufficient response.").

Second, and similarly, Pilot attempts to dodge plaintiff's allegations by repeatedly asserting the following canned response:

> To the extent that this Paragraph purports to set forth the contents of the FBI Affidavit, no response is required, otherwise Pilot refers to the FBI Affidavit for the contents thereof.

*See* Pilot's response to HB Second Am. Compl. ¶¶ 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 55. This response is equally improper; it leaves plaintiff guessing whether Pilot admits or denies the allegations to which this rote response is made. Responses such as this impede plaintiff's ability to efficiently pursue its claims. One court recently observed that

> [t]he practical implication of these "pseudo-responses" is that a party must request much broader discovery because the opposing party did not really

4

> admit anything. Not only does this needlessly increase the costs of litigation—something that this court strives to avoid—but the discovery process may devolve into a battle royale of broad requests against worthless responses. . . . No reasonable party would deny an allegation describing an event on the basis that "the events described in paragraph [x] speak for themselves." There is no reason to change that eminently reasonable position because a fact is or may have been described in a document rather than described in the abstract.

*Stovall*, 2014 WL 8251465, at *12.

If Pilot believes any of plaintiff's allegations incorporate but inaccurately describe the FBI Affidavit or the CEA, Pilot can simply deny the allegation. Otherwise, Pilot must admit the allegation or claim it lacks sufficient knowledge or information to respond. *See Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.*, No. 00 C 2375, 2000 WL 876921, at *1 (N.D. Ill. June 26, 2000) ("No reason appears why Balmoral should not respond by admitting any allegation that accurately describes the content of whatever part of a document is referred to."); *see also Gopon-Rosel v. Plastics Eng'g Co.*, No. 07-CV-0323, 2009 WL 142354, at *6 (E.D. Wis. Jan. 20, 2009) ("Plaintiff alleged that a writing says something, and defendants' obligation was to either admit or deny that the writing says what plaintiff alleged it says. . . . If defendants thought that the allegation mischaracterized the writing, they should have denied it outright. Therefore, pursuant to Fed. R. Civ. P. 8(b)(6), defendants have admitted the allegations of ¶ 10 of the Second Amended Complaint.").

Third, in at least one instance Pilot's entire response to an allegation is the dismissive assertion that plaintiff has alleged "a legal conclusion." Pilot may not use this as an excuse to avoid responding to an allegation. *See Lane v. Page*, 272 F.R.D. 581, 602-03 (D.N.M. 2011) ("Responses that . . . allegations are legal conclusions do not comply with rule 8(b)'s requirements.") (citations omitted); *Gomez v. United States*, No. 09-22148-CIV, 2010 WL 3834211, at *1 (S.D. Fla. Sept. 28, 2010) ("A response that fails to answer an allegation because

5

the allegation 'states a legal conclusion' . . . is impermissible under the plain language of Rule 8(b)."); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001) ("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.' That of course violates the express Rule 8(b) requirement that all allegations must be responded to.").

Fourth, in certain instances Pilot's response simply recasts the allegation and responds to the newly minted allegation. For example, plaintiff's allegations set forth in paragraphs 73, 75, and 76 of its Second Amended Complaint, and Pilot's responses, are as follows:

**HB's allegations:**

> 73. As previously set forth, the Plaintiff, on the one hand, and Defendant, on the other hand, mutually intended to form and, in fact, entered into, valid and enforceable oral fuel discount contracts under which Defendant was required to credit, refund, or discount a certain percentage of Plaintiff's fuel purchases. Said contracts were all capable of being performed within one year.
>
> 75. Defendant performed some of its obligations under the contracts by providing fuel services to Plaintiff and by providing some, but not all, of the promised discounts.
>
> 76. Defendant's offer, Plaintiff's acceptance, and the exchange of consideration created binding contracts between Defendant and Plaintiff.

**Pilot's responses:**

> 73. The first sentence of this Paragraph contains legal conclusions as to which no response is required. To the extent that an answer may be required, Pilot states that Plaintiff has purchased diesel fuel from Pilot pursuant to an agreement between the parties and that in certain circumstances the pricing offered to Plaintiff included discounts that could include discounts on retail price and/or rebates.
>
> 75. This Paragraph contains legal conclusions or other conclusions as to which no response is required. To the extent that an answer may be required, Pilot states that Plaintiff has purchased diesel fuel from Pilot pursuant to an agreement between the parties and that in certain circumstances the pricing offered to Plaintiff included discounts that could include discounts on retail price and/or rebates. Pilot also states that during its recent audit of Plaintiff's account, Pilot determined that it owed additional rebates to Plaintiff with respect to fuel

> purchased by Plaintiff from Pilot, and remains willing and ready to pay any amount owed, plus interest.
>
> 76. This Paragraph contains legal conclusions or other conclusions as to which no response is required. To the extent that an answer may be required, Pilot states that Plaintiff has purchased diesel fuel from Pilot pursuant to an agreement between the parties and that in certain circumstances the pricing offered to Plaintiff included discounts that could include discounts on retail price and/or rebates.

This, too, is improper. Pilot is not free to reshape plaintiff's allegations so that Pilot may more comfortably answer them.

Finally, Pilot's tactic of including a catchall statement that "all allegations not admitted, explained or denied are hereby denied" is insufficient when a defendant avoids allegations by pointing to documents and claiming the documents speak for themselves. *See, e.g.*, *Stovall*, 2014 WL 8251465, at *11 ("To be sure, defendants' response *does* include a subsequent denial 'as to the truth of the remaining allegations,' but the initial statement that the document speaks for itself obscures what, if any, portion of the allegation the denial covers. This is more than a pedantic qualm; including the statement that the document speaks for itself can have significant consequences. Like general objections to discovery requests, the prefatory non-response obscures the value of the denial or admission. It creates 'a real question about whether Defendants' denials were impermissibly based on the belief that . . . the documents speak for themselves.'") (quoting *Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *5 (N.D. Ind. July 8, 2013)); *see also Clarendon*, 2013 WL 5921538, at *3 ("The fact that Lion Gables' answers conclude with a general denial does not make its otherwise improper responses proper. The surplusage is improper and, with the possible exception of paragraphs 11 and 14, the manner in which the concluding denial is made leaves the reader to guess whether Lion Gables is denying the entire paragraph because it disputes all the averments,

7

or because it disagrees with some part of the paragraph. Lion Gables' objectionable answers have prejudiced Plaintiff because proper answers would give Plaintiff notice of Lion Gables' position on the facts alleged in the amended complaint and potentially allow the parties to narrow the issues and the scope of discovery.").

In response to HB's correspondence concerning the deficiencies in Pilot's answer, Pilot cited *Lane v. Page*, 272 F.R.D. 581 (D.N.M. 2011) for the proposition that a general denial clause covers the deficiencies. In *Lane* the defendant's general denial clause stated "DESCO Defendants generally deny all allegations in the Third Amended Complaint, except those specifically admitted below," and the district court concluded that the "[b]ecause the statements that documents speak for themselves and that allegations are legal conclusions are neither admissions nor denials, the statements do not specifically admit the allegations, and the allegations are denied under the general denial." *See Lane*, 272 F.R.D. at 603. In citing this case to HB, Pilot seems to concede that its responses indicating the FBI Affidavit and the CEA speak for themselves (1) are deficient, and (2) should be treated as denials. But Pilot's "general denial clause" is not as specific as the general denial in *Lane*. Pilot's "general denial clause"—which appears immediately above "Affirmative Defenses"—states "All remaining allegations of the Second Amended Complaint not hereinabove admitted, explained, or denied are hereby denied." Once again, this leaves HB guessing; since many of Pilot's responses appear to provide "explanations" without providing an explicit admission or denial, are those "explanation responses" to be deemed "denials"? Only Pilot can answer that question.

Viewed through the lens of the principles discussed above, Pilot's answer to HB's Second Amended Complaint is clearly deficient in the following ways:

- Pilot's answer includes a repeated formulaic response that "This paragraph contains legal conclusions as to which no response is required. To the extent that

- an answer is required, Pilot states that on July 11, 2014, Pilot entered into the CEA in which it admitted, accepted, and acknowledged that it is legally responsible for the acts of its employees as set forth in the Statement of Facts attached to the CEA. Pilot denies any allegations of Paragraph [X] not found in the Statement of Facts attached to the CEA." *See* Pilot's response to HB Second Am. Compl. ¶¶ 63, 64, 65, 67, 68, 81, 82, 83, 88, 89, 90, 91, 92, and 93.

- Pilot's answer includes repeated responses that "To the extent that this Paragraph purports to set forth the contents of the FBI Affidavit, no response is required, otherwise Pilot refers to the FBI Affidavit for the contents thereof." *See* Pilot's response to HB's Second Am. Compl. ¶¶ 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 55.

- Pilot's answers include references to plea agreements in lieu of responding to the allegations. *See* Pilot's response to HB Second Am. Compl. ¶¶ 50 and 51.

- Pilot's answers include responses that "Paragraph [X] contains legal conclusions or other conclusions as to which no response is required. To the extent that an answer may be required, Pilot states that on July 11, 2014, Pilot entered into a Criminal Enforcement Agreement ("CEA") in which it admitted, accepted, and acknowledged that it is legally responsible for the acts of its employees as set forth in the Statement of Facts attached to the CEA," in lieu of responding to allegations that Pilot is legally responsible for the acts of specific employees. *See* Pilot's response to HB Second Am. Compl. ¶¶ 14, 24, and 33.

- Pilot's answers include responses that an allegation "contains legal conclusions as to which no answer is required." *See* Pilot's response to HB Second Am. Compl. ¶ 5.

- Pilot's answers fail to respond to allegations concerning the plaintiffs' breach of contract claims, stating instead "Plaintiff has purchased diesel fuel from Pilot pursuant to an agreement between the parties and that in certain circumstances the pricing offered to Plaintiff included discounts that could include discounts on retail price and/or rebates." *See* Pilot's response to HB Second Am. Compl. ¶¶ 73, 75, and 76.

Accordingly, these paragraphs should be stricken from Pilot's answer and Pilot should be instructed to prepare and file a proper answer to HB's Second Amended Complaint.

## **CONCLUSION**

Pilot's responses are patently deficient. Plaintiff requests that the Court strike these responses discussed above and order Pilot to replead in proper form within fourteen days.

9

Respectfully Submitted,

/s/ Shawn J. Organ
Shawn J. Organ
Erik J. Clark
Carrie M. Lymanstall
**Organ Cole llp**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organcole.com
ejclark@organcole.com
cmlymanstall@organcole.com


Charles H. Cooper, Jr.
COOPER & ELLIOTT, LLC
2175 Riverside Drive
Columbus, Ohio 43221
614.481.6000
614.481.6001 (f)
chipc@cooperelliott.com

*Attorneys for Plaintiff*
*HB Logistics, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically on April 13, 2015. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Shawn J. Organ
One of the Attorneys for Plaintiff HB Logistics, LLC