# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: PILOT FLYING J REBATE LITIGATION, | MDL Docket No. 2:14 MD 2515 |
| *This Document Relates to All Cases* | Judge Amul R. Thapar<br>Magistrate Judge Wehrman |

## PLAINTIFFS' JOINT NOTICE REGARDING MAY 11 TELEPHONIC CONFERENCE

Pursuant to the Court's May 1, 2015 Order (Doc. 204), Plaintiffs FST Express Inc., HB Logistics LLC, and Wright Transportation, Inc. submit this Notice in advance of the May 11, 2015 conference. By filing this Notice, Plaintiffs are not subverting the dispute process outlined in the Scheduling Order (Doc. 168), but instead seek to apprise the Court of potential issues that may arise during the conference or in the short term. Counsel for Plaintiffs and Defendants Pilot Travel Centers LLC and Pilot Corporation (collectively, "Pilot") engaged in a lengthy meet-and-confer phone call on May 5 and continue to work to resolve some of the issues.

**Proposed Schedule Modification.** Plaintiffs and Pilot have engaged in discussions about jointly requesting that the Court briefly extend the deadlines for expert discovery and general discovery. Pursuant to the Court's Scheduling Order (Doc. 168), Plaintiffs plan to file a motion and proposed order for the Court's consideration before the May 11 conference.

**Number of depositions.** Plaintiffs have requested that Pilot stipulate that 40 depositions may be taken without prior Court approval. Plaintiffs have identified well in excess of 35 depositions of key witnesses that will be required, not including individuals who may be identified in discovery going forward. Pilot does not, however, agree to such a stipulation and takes the position that all MDL plaintiffs collectively are entitled to 10 depositions, notwithstanding that

1

Pilot itself identified 17 witnesses in its Rule 26 initial disclosures to Wright Transportation; 11 witnesses in its disclosures to HB Logistics; and 5 witnesses in its disclosures to FST Express as individuals possessing information relevant to this lawsuit. Further, these initial disclosures do not identify any third-party witnesses and do not even include 3 of the 4 named defendants in the Wright Transportation litigation, including Defendants Haslam, Hazelwood, and Freeman. Ten depositions for four separate plaintiffs in a complex case where the issue of "cost" has not, to date, been fully vetted in any preceding civil or criminal litigation is inadequate. Consequently, Plaintiffs plan to submit this issue to the Magistrate Judge pursuant to the Scheduling Order.

**Expedite discovery.** Plaintiffs have again proposed reducing the time for responding to discovery requests from 30 days to 14 days. Pilot does not agree. Plaintiffs maintain this expedited response time is necessary to prepare their cases within the discovery schedule set by the Court. Plaintiffs have been pushing discovery forward, and will have taken three depositions by the time of the telephonic conference (with the 30(b)(6) deposition scheduled to reconvene on May 14). Plaintiffs' efforts have been thwarted by Pilot's delayed and inadequate responses to written discovery. Plaintiffs also plan to submit this issue to the Magistrate Judge.

**Discovery relating to "other" customers.** Pilot has taken the position in written discovery responses, depositions, and limitations on documents to be produced, that the scope of Plaintiffs' discovery should be limited to communications and information specifically related to the individual Plaintiffs. Plaintiffs have rejected that artificial limitation and explained the need for *modus operandi* and business practices evidence to corroborate Pilot's conduct related to, for example, misleading trucking companies related to Pilot's "cost" for diesel fuel. The parties continue to engage in discussions regarding discovery deficiencies and workable solutions.

**Other discovery issues.** Plaintiffs and Pilot are meeting and conferring regarding Pilot's responses to certain requests for admissions, requests for production, and interrogatories.

Respectfully submitted,

/s/ Shawn J. Organ_____
Shawn J. Organ
Erik J. Clark
Carrie M. Lymanstall
**Organ Cole llp**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organcole.com
ejclark@organcole.com
cmlymanstall@organcole.com

Charles H. Cooper, Jr.
Adam E. Crowell
COOPER & ELLIOTT LLC
2175 Riverside Drive
Columbus, Ohio 43221
614.481.6000
614.481.6001 (f)
chipc@cooperelliott.com
adamc@cooperelliott.com

*Attorneys for Plaintiffs FST Express, Inc. and HB Logistics LLC*

Stuart M Maples, Esq.
Mary Rebecca Hill, Esq.
401 Holmes Ave. NE, Suite H
Huntsville, Alabama 35801
256.489.9779
256.489.9720 (f)
smaples@maplesandray.com
rhill@maples-law.com

*Attorneys for Plaintiff HB Logistics LLC*

Respectfully submitted,

/s/ Stephen M. Tunstall\_\_\_\_\_
Stephen M. Tunstall
P.O. Box 152
Mobile, Alabama 36601
251.432.2221
251.432.2218 (f)
stephentunstall@yahoo.com

*Attorney for Plaintiff Wright Transportation, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served to all counsel of record *via* operation of the Court's electronic filing system this 5th day of May 2015.

/s/ Shawn J. Organ
*One of the Attorneys for Plaintiffs FST*
*Express, Inc. and HB Logistics, LLC*
