UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| *In Re* FLYING J REBATE CONTRACT LITIGATION (NO. II) | ) ) ) |
| | Master File No. 14-2515-ART |
| *Wright Transportation, Inc. v. Pilot Corporation, et al.*, | ) ) ) Civil No. 14-68-ART<br>Civil No. 14-72-ART<br>Civil No. 14-102-ART |
| *FST Express, Inc. v. Pilot Travel Centers, LLC*, | ) ) **MINUTE ENTRY ORDER** |
| *HB Logistics LLC v. Pilot Corporation, et al.* | ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On Monday, May 11, 2015, at 11:00 a.m., the Court held a telephonic mid-discovery status conference in this case. Charles H. Cooper, Jr., Shawn J. Organ, and Carrie M. Lymanstall represented plaintiffs FST Express, Inc. and HB Logistics LLC. Stephen M. Tunstall represented plaintiff Wright Transportation, Inc. Glenn Kurtz, Gregory M. Starner, and Mark T. Hayden represented Pilot Corporation and Pilot Travel Centers, LLC. Stephen Dudley Brody represented James A. Haslam, III. Martin G. Durkin, Jr. represented John Freeman. Michael P. O'Day represented Brian Mosher. Joan Averdick was the court reporter and Lynn Voskuhl was the courtroom deputy.

The Court addressed the topics that the parties sought to discuss on the call. *See* R. 207, R. 208, R. 209. The Court agreed with defendant James A. Haslam, III that mediation in this case is a good idea. The Court referred the case to the magistrate judge to set a mutually convenient date for a mediation session.

Next, the Court set a briefing schedule for Wright Transportation's motion to amend its complaint and addressed the plaintiffs' motion to extend discovery deadlines. *See* R. 210, R. 211. Counsel for the plaintiffs explained that they had not yet received documents that they need to prepare their initial expert reports. For this reason, they sought an extension of the expert disclosure deadlines. The Court granted a two-week extension of the expert disclosure and supplementation deadlines, but ordered briefing on the motion to extend the deadline for the close of discovery. The Court warned the parties that it was not inclined to extend the ultimate discovery deadline.

The Court then offered guidance on, but did not resolve, two issues that the parties raised. The parties first acknowledged that they are unable to agree on the number of depositions that the plaintiffs may take. The Court advised the litigants that 10 depositions is too few and 40 depositions is too many, and suggested that the parties arrive at an agreed number of depositions within that range. The parties are welcome to seek the magistrate judge's assistance to resolve this dispute, but need to do so. Next, the parties said they received inadequate responses to discovery requests. The Court told the parties that it would consider imposing costs and sanctions on parties that do not adequately respond to discovery requests. Since the Court will consider sanctions, the Court allowed parties to submit this discovery dispute directly to chambers instead of first approaching the magistrate judge (although the magistrate judge is always willing to help if requested). If the parties elect to resolve this dispute directly with the undersigned, then each side may file a five-page document in the record describing the disagreement.

Next, the Court ordered the parties to respond to all discovery requests within 21 days (rather than the 30-day period previously used). The Court then determined that the

plaintiffs may not seek extensive discovery regarding other trucking companies.  Of course, the plaintiffs may ask questions during depositions and request the production of documents based on specific answers they elicit during the deposition.  But because the plaintiffs already have information detailing the extent of the Pilot defendants' scheme, there is no need to get information relating to many additional trucking companies.

Finally, the parties clarified the procedure for resolving discovery disputes in this case, like inadequate responses to discovery requests.  The Court permitted the parties to resolve disputes during the periodic phone conferences without first approaching the magistrate judge.  If the parties elect to raise discovery disputes that way, then the parties may notify the Court promptly by submitting filings on the record that describe the disagreement.  The filings may not exceed five pages unless a party receives prior approval from the Court.

Accordingly, it is **ORDERED** that:

(1) This matter is **REFERRED** to Magistrate Judge Wehrman for the purpose of setting a mutually convenient date for a mediation session.

(2) By **Friday, May 15, 2015**, the defendants **SHALL RESPOND** to Wright Transportation's motion to amend its complaint, R. 210.

(3) By **Wednesday, May 20, 2015**, Wright Transportation **MAY REPLY** to its motion to amend its complaint, R. 210.

(4) The plaintiffs' motion to extend the expert disclosure deadlines and the close of discovery, R. 211, is **GRANTED IN PART.**  The parties **SHALL OBSERVE** the following expert disclosure deadlines:

　　a. Rule 26(a)(2) identification of experts and disclosure of reports are due:

3

      i.      From Plaintiff by **Friday, May 29, 2015**, with any supplementation due by **Friday, July 31, 2015**, and

      ii.      From Defendant by **Friday, July 3, 2015**, with any supplementation due by **Friday, July 31, 2015**.

(5) The defendants **SHALL RESPOND** to the plaintiffs' motion to extend the close of discovery, R. 211, by **Monday, May 18, 2015**. The plaintiffs **MAY REPLY** by **Friday, May 22, 2015**.

(6) If the parties elect to resolve their dispute over the adequacy of discovery responses without approaching the magistrate judge, then each side may file a document in the record describing the disagreement. The filing shall not exceed five pages, absent authorization from the Court.

(7) The parties **SHALL RESPOND** to discovery requests within 21 days.

(8) The plaintiffs **MAY NOT** seek extensive discovery relating to other trucking companies. The plaintiffs **MAY** request the production of documents based on specific answers they elicit during the deposition.

This the 11th day of May, 2015.



Signed By:
*Amul R. Thapar*  AT
United States District Judge

TIC: 13 mins.; Covington.