```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
                      NORTHERN DIVISION at COVINGTON
                                 - - -

    in re:                        :
                                  :  Docket No. 14-MD-2515
    Pilot Flying J Rebate         :
    Contract Litigation           :  Covington, Kentucky
    (No. II)                      :  Tuesday, July 14, 2015
                                  :  2:30 p.m.
                                  :


                                 - - -
                 TRANSCRIPT OF TELEPHONE CONFERENCE
                        BEFORE AMUL R. THAPAR
                   UNITED STATES DISTRICT COURT JUDGE
                                 - - -
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs, FST Express, Inc., J.F. Freight Company and HB Logistics LLC: | CHARLES H. COOPER, JR., ESQ.<br>C. BENJAMIN COOPER, ESQ.<br>Cooper & Elliott, LLC<br>2175 Riverside Drive<br>Columbus, OH 43221 |
| | CARRIE M. LYMANSTALL, ESQ.<br>SHAWN ORGAN, ESQ.<br>Organ Cole LLP<br>1330 Dublin Road<br>Columbus, OH 43215 |
| For the Plaintiff, Wright Transportation: | STEPHEN M. TUNSTALL, ESQ.<br>P.O. Box 152<br>Mobile, AL 36601 |
| For the Pilot Defendants and Propeller Corp.: | GREGORY M. STARNER, ESQ.<br>White & Case - NY<br>1155 Avenue of the Americas<br>New York, NY 10036 |
| | MARK T. HAYDEN, ESQ.<br>Taft, Stettinius & Hollister<br>425 Walnut Street<br>Suite 1800<br>Cincinnati, OH 45202 |

| | | |
|---|---|---|
| 1 | For the Defendant, | STEPHEN DUDLEY BRODY, ESQ. |
| 2 | James A. Haslam, III: | O'Melveny & Meyers<br>1625 Eye Street, N.W.<br>Washington, DC  20006 |
| 3 | | |
| 4 | For the Defendant,<br>Mark Hazelwood: | WILLIAM GORDON BALL, ESQ.<br>Law Office of Gordon Ball<br>7001 Old Kent Drive |
| 5 | | Knoxville, TN  37919 |
| 6 | For the Defendants, | MICHAEL P. O'DAY, ESQ. |
| 7 | Brian Mosher and Arnold<br>Ralenkotter: | DLA Piper, LLP - MD<br>6225 Smith Avenue<br>Baltimore, MD  21209 |
| 8 | | |
| 9 | For the United States: | DAVID P. LEWEN, JR., ESQ.<br>FRANCIS M. HAMILTON, III, ESQ.<br>U.S. Attorney's Office |
| 10 | | 800 Market Street, Suite 211<br>Knoxville, TN  37902 |
| 11 | | |
| 12 | ALSO PRESENT: | Kristin Seabrook, Esq. |
| 13 | Court Reporter: | LISA REED WIESMAN, RDR-CRR<br>Official Court Reporter |
| 14 | | 35 W. Fifth Street<br>Covington, KY  41012 |
| 15 | | (859) 291-4410 |

24      Proceedings recorded by mechanical stenography, transcript produced with computer.

1        (Proceedings commenced at 2:30 p.m.)
2            THE COURT: Please call the case.
3            DEPUTY CLERK: Covington Criminal 14-2515, In Re:
4    Pilot Flying J Rebate Contract Litigation.
5            THE COURT: Counsel for Wright Transportation, please
6    enter your appearance.
7            MR. TUNSTALL: Stephen Tunstall for Wright
8    Transportation.
9            THE COURT: Counsel for FST Express.
10           MR. COOPER: Chip Cooper. With me, I have Carrie
11   Lymanstall, Shawn Organ and Ben Cooper.
12           THE COURT: Counsel for HB Logistics.
13           MR. COOPER: Chip Cooper again, the same for HB
14   Logistics.
15           THE COURT: Same for Dick Lavy?
16           MR. COOPER: Yes, Your Honor.
17           THE COURT: Okay. Counsel for Pilot.
18           MR. STARNER: This is Greg Starner from White & Case
19   for Pilot, Pilot Travel Centers and Pilot Corp.
20           MR. HAYDEN: Mark Hayden for Pilot.
21           THE COURT: Okay. Same counsel for Pilot Travel
22   Centers?
23           MR. STARNER: Yes, Your Honor. Greg Starner of
24   White & Case.
25           MS. SEABROOK: And Your Honor, Kristin Seabrook,

1  counsel for Pilot is on.
2               THE COURT:  Counsel for Mr. Haslam.
3               MR. BRODY:  This is Steve Brody for Mr. Haslam.
4               THE COURT:  For Mr. Freeman.
5               MR. DURKIN:  Your Honor, Martin Durkin for John
6   Freeman.
7               THE COURT:  And you're on for Mr. Moser as well?
8               MR. DURKING:  No, that's Mr. O'Day.  I'm on for
9   Mr. Spiewak.
10              THE COURT:  Oh, okay.
11              MR. O'DAY:  Your Honor, Mr. O'Day is here on behalf
12  Arnie Ralenkotter and Brian Mosher.
13              THE COURT:  Great.  Then for Mr. Hazelwood.
14              MR. BALL:  Gordon Ball, Your Honor.
15              THE COURT:  Okay.  Is there anyone else on the phone?
16              MR. HAMILTON:  The United States is also on the call.
17  We saw the order.  This is Trey Hamilton, and David Lewen is
18  with me.  If we don't need to be here, we'll sign off.  But we
19  saw the entry on ECF.
20              THE COURT:  You don't have to.  If you want to
21  listen, you're welcome.
22      I guess, at least on the cases for which I don't have
23  jurisdiction, it could affect what you're doing, if that makes
24  sense.
25              MR. HAMILTON:  Yes, Your Honor, it does.

1  THE COURT: All right. So, I guess, through all of
2  this, Pilot has now filed the response to my request and has
3  indicated that there's no diversity jurisdiction for FST
4  Express, HB Logistics and Dick Lavy Trucking.
5  So it seems to me those cases, I guess -- who's going to
6  speak for the plaintiffs?
7  MR. COOPER: Your Honor, Chip Cooper.
8  THE COURT: Mr. Cooper, those cases were already
9  originally filed in federal court, correct?
10  MR. COOPER: They were, Your Honor.
11  THE COURT: So you agree that I would dismiss them,
12  rather than remand. Obviously, there's nowhere to remand to.
13  I would dismiss them for lack of jurisdiction.
14  MR. COOPER: We agree, Your Honor.
15  THE COURT: Okay. Does Pilot have a view?
16  Obviously, I've read your response. It seems you would agree,
17  correct?
18  MR. STARNER: Greg Starner on behalf of Pilot, Your
19  Honor. Yes, we would agree there is no diversity jurisdiction
20  in those three cases.
21  THE COURT: I will order those dismissed without
22  prejudice, obviously, based on lack of jurisdiction. And then
23  what remains is Wright Transportation from a jurisdictional
24  perspective. Mr. Tunstall, it seems to me I continue to have
25  jurisdiction over Wright Transportation. Do you agree or

1     disagree?

2         MR. TUNSTALL: Your Honor, I disagree.

3         THE COURT: Okay. And explain to me why.

4         MR. TUNSTALL: Yes, sir. Your Honor, not to be glib,
5     but do you want a short version and then you plow into what
6     you think is important or do you want my over-arcing analysis
7     of it?

8         THE COURT: Why don't you give me a short version
9     first. Just remind me if I'm wrong. You filed this in
10    federal court, correct?

11        MR. TUNSTALL: Yes, Your Honor.

12        THE COURT: And you filed it both as a CAFA claim and
13    as a RICO claim, correct?

14        MR. TUNSTALL: Yes sir, Your Honor. We had RICO and
15    class allegations.

16        THE COURT: Okay. So the question is, at this point
17    in the litigation, whether I, in my discretion, should keep
18    the case. Do you agree with that, or do you disagree?

19        MR. TUNSTALL: I agree that there's an issue of
20    whether or not the Court can handle or should exercise pending
21    or supplemental jurisdiction. The reason for my hesitation,
22    Your Honor, is because the original complaint that was filed
23    in July of 2013 contained class allegations in RICO.

24      There was a global settlement that was approved maybe six
25    days after that and so the class allegations were dismissed

1    for lack of standing.
2         The only thing that's remained was the RICO, which was
3    also dismissed on our 12(b)(6) motion by Pilot. As Your
4    Honor's keenly aware, the Sixth Circuit and the Eleventh
5    Circuit basically view it the same way, which is if it's
6    pretrial and all the federal claims are dismissed, then
7    there's a presumption that the claims, any state claims are
8    then dismissed.
9         And there is some case law actually out of the Sixth
10   Circuit where they were reversing decisions with regard to the
11   exercise of jurisdiction tend to overstate claims, where it
12   looked closely at what were the underlying original federal
13   claims. And if they are dismissed at a 12(b)(6) stage, then
14   there's an analysis with regard to whether or not there's even
15   the conferring of subject matter jurisdiction on the federal
16   court. So looking at the case law --
17        THE COURT: Let me --
18        MR. TUNSTALL: I'm sorry, Your Honor. I didn't mean
19   to interrupt you.
20        THE COURT: Let me say this. You have not, at this
21   point, or did you file a response?
22        MR. TUNSTALL: I did not, Your Honor, because I
23   understood this to be on a different issue, and I would like
24   to provide a written response by Wright Transportation.
25        THE COURT: Okay. It seems to me you have sufficient

1  case law that I should look at, and I don't want to just wing
2  it.  Nor do I want you to provide it -- necessarily just sit
3  here and list cases for me.
4          MR. TUNSTALL:  I understand, Your Honor.
5          THE COURT:  When do you think you could file a
6  response?
7          MR. TUNSTALL:  Your Honor, I hate to do this now, but
8  I guess there's not a better way to do it, so I'll just do it
9  because it's unfolding in my life at the same time.
10     I normally could do this extremely quickly, but my wife
11  has recently had a medical diagnosis that required surgery
12  several weeks ago that she's recovering from.  And now, as
13  soon as her blood work is correct, they're going to do
14  radiation treatment.  This has all happened literally in the
15  last month, and we have a newborn child at home.
16     So here's what I would ask of the Court.  I would like
17  for the Court to be able to make a decision that is sound and
18  based on all the information as Wright understands it in the
19  case law that we have deduced.  And my wife may be getting
20  radiation treatment later this week or next week, and then
21  I've got to take care of our newborn.
22     So what I'm asking is that I be able to address this with
23  the Court, and other matters relating to discovery in this
24  case be stayed until such time as this can be resolved.  If
25  that's not too much to ask of the Court, I'm a sole

1  practitioner so I'm just -- I would need the ability to do
2  that.
3           THE COURT: Okay. Well, I'm sorry to hear about your
4  wife, and I wish her and hope that she will have a speedy
5  recovery.
6      I have no problem with that. I guess I give you two
7  suggestions, which is, one, you seem to have a list of cases.
8  I could let you type up a list of cases and file that in the
9  record. Then I could review those. And if I was inclined to
10 rule in your favor, then I could hold a phone conference, and
11 you wouldn't have to do any further work, and I could talk to
12 Pilot about why I shouldn't.
13     If I was, after reviewing those cases, still of the mind
14 or that it might be permissible for me to have supplemental
15 jurisdiction, then I'd want to discuss that with you and the
16 factors around that.
17     So how would you feel about just typing up the list of
18 cases and filing them in the record?
19          MR. TUNSTALL: Yes, sir. And today is a good day,
20 where I can do whatever I need to do so if I'm given today or
21 possibly until tomorrow morning, what I can do is I can put
22 together something to present to Your Honor that's coherent.
23 It may not be my best work or the most in-depth, but it would
24 give Your Honor sufficient information to make an informed,
25 intelligent decision.

1    THE COURT: I don't want to put any more pressure on
2 you than you have already. I'm just trying to make it easier.
3 So you tell me what's best. I'm happy to stay it and wait
4 until you're ready to respond.
5    I'm happy to have you file something short that is to the
6 point, and I'll look at it and then get -- Pilot can file a
7 quick little reply, and we can get back on the phone at your
8 convenience. You let me know.
9    MR. TUNSTALL: Yes, sir. I'd be happy to file
10 something short and to the point, if that's Your Honor's
11 preference. There is a deposition scheduled for Thursday, and
12 so I'm just not sure how to proceed, because that deposition
13 is scheduled in Knoxville so is the appropriate -- I'm sorry,
14 Your Honor.
15    THE COURT: Until I'm sure I have jurisdiction, I'm
16 not going to -- if you all want to proceed outside the purview
17 of the Court, you can always do that, but absent that, I would
18 probably stay discovery until I'm sure I had jurisdiction.
19    MR. TUNSTALL: Yes, sir, Your Honor. I think that
20 the latter would be appropriate. I wasn't suggesting the
21 former. I just didn't want to be presumptuous with the Court.
22    THE COURT: I assume there's no objection from Pilot
23 for me staying discovery until I figure this out.
24    MR. STARNER: Greg Starner on behalf of Pilot, Your
25 Honor. Let me first start by saying Mr. Kurtz apologizes.

He's actually traveling today. He changed his flight to try to be on the call, but the new flight then got delayed so he's unable to join us.

To answer the Court's questions, we have no objection. We're happy to address Wright Transportation's jurisdictional questions or issues any way the Court prefers. I guess my only question is to the extent that he does submit whatever he does submit, we have an opportunity to respond in a short reply, in whatever length the Court would like to hear from us. We can do that on a very short time period.

But with respect to the question of discovery, I guess I would just say as a general matter, it's always been our expectation that discovery would be coordinated as to how the parties have been proceeding throughout. That is our expectation, that it would continue that way even if certain cases were dismissed from federal court and potentially were brought in state court.

So I don't think we necessarily have an objection to staying discovery pending this Court resolving the remaining jurisdictional questions. And then as we go forward, we would continue to coordinate discovery.

THE COURT: That's great. I appreciate that. So I will grant the oral motion to stay discovery at this time. Mr. Tunstall, why don't you, if you can -- and if you can't, just let us know. If you can respond, I guess you said, by

1  tomorrow, I'm fine with that.  Tomorrow is the 15th, and
2  tomorrow is Wednesday.  If Pilot could reply by Friday, what
3  if we set a phone conference next Tuesday at 2:00.
4         MR. STARNER:  This is Greg Starner, Your Honor.  For
5  Pilot, that schedule's fine.
6         THE COURT:  Do we have a call set already?
7         MR. BRODY:  This is Steve Brody.  It was set for the
8  government's motion for a partial stay.  That was set for the
9  22nd at 10:00 a.m.
10        THE COURT:  Why don't we just use that call to
11 discuss this, if everyone's fine with that.
12     (No audible response.)
13        THE COURT:  Okay, great.
14        MR. HAMILTON:  Your Honor, this is Trey Hamilton for
15 the United States.  If I could address the motion to -- the
16 pending motion for partial stay at this time, would it be all
17 right with the Court, because I have do a couple questions
18 based on what the Court has ordered today.
19        THE COURT:  Yes, absolutely.  But I have stayed
20 discovery so that should alleviate your concerns for the short
21 time that we're talking about.  Go ahead.
22        MR. HAMILTON:  My question is, well, we do have the
23 opportunity to file a reply, which we were going to take that
24 opportunity, but that is due on Friday should we choose to do
25 that at this moment.

1  In our review of the memorandum that was submitted by the
2  plaintiffs, our understanding of that is that it applied more
3  to the arguments in there, and the interests that were being
4  articulated applied more to the plaintiffs who have now
5  been -- that have now been dismissed.
6  And we were -- well, I guess our request would be, number
7  one, is that to the extent that the Court keeps jurisdiction
8  over the Wright Transportation case that the Court consider
9  requiring Wright Transportation to articulate its interests to
10 the extent that they may be different.  That would be our
11 request number one.
12 And then number two is that our reply date be extended
13 beyond the date on which the Court decides whether or not it's
14 going to have jurisdiction.  Obviously, if there's no
15 jurisdiction, there's no need for us to take time to reply.
16         THE COURT:  I'll extend the reply date to the 29th of
17 July.  To the extent I keep this case -- and I'll ask that you
18 just be on the call as planned.  To the extent I keep this
19 case on the 22nd, then we can talk to Mr. Tunstall about any
20 response to the motion to stay at that time.  Does that make
21 sense?
22         MR. HAMILTON:  Yes, Your Honor, it does.  Thank you.
23         THE COURT:  Okay.  We can put a minute entry order
24 on.  Anything else we need to cover at this time?
25         (No audible response.)

1    THE COURT: All right, everyone. Have a nice day.

2    MR. COOPER: Your Honor, Chip Cooper for FST and HB.
3 The reason we filed the motion or notice, despite the lack of
4 jurisdiction, is FST and HB would like to be heard on
5 sanctions for Pilot's stunning revelation on Friday night. I
6 don't know if the Court would prefer to hear from us verbally
7 now or in a motion.

8    THE COURT: Well, as a first matter, I think a
9 motion's the best way initially. I think you filed what I
10 agree with Pilot is a cursory motion that wouldn't justify
11 sanctions so that's denied without prejudice.

12    If you want to refile something detailing, under the
13 rules, with both a memo attached with the legal basis and the
14 grounds and what you're seeking, I'd be happy to have Pilot
15 respond and you reply. I don't feel like it's fair to file a
16 two-paragraph motion and expect the other side to guess at
17 what you're trying to say.

18    MR. COOPER: Your Honor, Chip Cooper again. We
19 completely agree. The purpose of the motion was simply to
20 determine whether the Court wished to have everyone down in
21 front of the Court in person or proceed differently. We're
22 happy to file a motion.

23    THE COURT: Okay. Well, the motion you filed is
24 denied without prejudice. You're welcome to refile the motion
25 outlining the basis and the legal basis for sanctions and what

1 sanctions you're seeking, then Pilot can respond and you can
2 reply. Then we can set a hearing if necessary.
3     MR. COOPER: Thank you, Your Honor, we will.
4     MR. TUNSTALL: Your Honor, Stephen Tunstall for
5 Wright Transportation. I wanted to confirm the date you were
6 going to conduct the conference call.
7     THE COURT: Yes, I'm sorry. I'm just keeping the
8 same date we had, which is next Wednesday, the 22nd, at
9 10:00 a.m. Will that work for you? If it won't, I'm happy to
10 move it.
11     MR. TUNSTALL: No, sir, I'm going to make that work.
12 I may have to do the conference call from my house for various
13 reasons, but I can still do the conference call.
14     What I would ask, if we're going to do the conference
15 call on Wednesday, would Your Honor mind giving me until
16 Thursday so I can make sure what I put together is proper for
17 the Court?
18     THE COURT: Absolutely. That's fine. So just file
19 it by Thursday, and Pilot's good at turning things around in a
20 day. They can file it by Friday, although I'll give Pilot, if
21 you want, until Saturday.
22     MR. STARNER: This is Greg Starner on behalf of
23 Pilot. We'll try to file it by Friday. One thing I would
24 note, we were certainly available today to respond to any
25 questions the Court may have had about the jurisdictional

1  disclosures and filings that have been by various filings at
2  any time.  We're happy to answer any questions the Court may
3  have.  Absent that, we're happy to respond to any allegations
4  or motions the plaintiff may file in that regard.
5          THE COURT:  I read your response.  I just haven't had
6  time.  I know you say you admitted to the lack of diversity at
7  the outset, and I'm not sure what, if any, sanctions are
8  merited here, but I'd prefer that I have thorough filings and
9  I don't think you, as Mr. Cooper admits, had the courtesy of a
10 thorough filing to respond to.
11     Once you get that, I think you can respond in detail and
12 then I'll look at the law.  I just haven't had the time to
13 turn that around.  But for the reasons you gave in your
14 response, I'm hesitant to impose any sanctions absent it
15 being -- knowing exactly what the law is and exactly what the
16 facts are.  And at this point, I know neither on that score.
17         MR. STARNER:  This is Greg Starner, Your Honor, for
18 Pilot.  Understood, and we will certainly respond in detail
19 when and if appropriate.
20         THE COURT:  That's great.  Okay.  Anything else?
21         MR. COOPER:  Not for FST or HB, Your Honor.
22         MR. STARNER:  Nothing for Pilot, Your Honor.
23         THE COURT:  Mr. Tunstall, I wish you the best with
24 everything you're dealing with.  I'm sorry to hear about it.
25 Congrats on your newborn.  I look forward to your response.

1     MR. TUNSTALL: Thank you, Your Honor.

2     THE COURT: Have a good day.

3     (Proceedings concluded at 2:50 p.m.)

4                           - - -

5

6              C E R T I F I C A T E

7     I, LISA REED WIESMAN RDR-CRR, certify that the foregoing is a correct transcript from the record of
8     proceedings in the above-entitled case.

9

10    \s\ Lisa Reed Wiesman                September 23, 2015
      LISA REED WIESMAN, RDR-CRR           Date of Certification
11    Official Court Reporter